UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-126-FDW

| | |
|---|---|
| CHARLES ANTHONY WILLIAMS, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>FNU KALINOWSKI, et al., )<br>)<br>    Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court sua sponte.

The pro se Plaintiff, an inmate of the State of North Carolina, filed this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. He moved to proceed in forma pauperis, and the Clerk entered an Order waiving the initial filing fee and directing monthly payments from the Plaintiff's inmate account. [Docs. 3, 5]. On May 31, 2024, the Court vacated that Order because it determined that the Plaintiff is subject to the Prison Litigation Reform Act's "three-strikes" bar, 28 U.S.C. § 1915(g). [Doc. 6]. The Court ordered the Plaintiff to pay the full filing fee within 21 days. He was cautioned that "[i]f Plaintiff fails to comply, this action will be dismissed without further notice…." [Id. at 2]. On June 21, 2024, the Court granted the Plaintiff an extension of time to pay the filing fee, until July 22, 2024.[1] [June 21, 2024 Text-Only Order].

---

[1] The Plaintiff subsequently filed Letters and an "Order for Court Review" seeking additional time to pay the filing fee, and requesting a free copy of the Complaint. [Docs. 8, 9, 10]. However, the Plaintiff was previously informed that "Letters sent to the Clerk of Court or Judge will not be answered. Only Motions will be ruled on by the Court." [See April 24, 2024 Standing Order]. Moreover, free photocopies are not available. See Pickens v. Lewis, 2017 WL 2198342, at *2 (W.D.N.C. May 18, 2017) ("[o]rdinarily, the plaintiff must bear the costs of his litigation ... even in pro se cases"). Photocopies may be ordered at the Court's standard rate of $.50 per page. See https://www.ncwd.uscourts.gov/court-fees.

The Plaintiff has not complied with the Court's May 31 Order and the time to do so has expired. The Court is unable to proceed and this case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for sua sponte dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED WITHOUT PREJUDICE**.
2. The Clerk of Court's Financial Department is instructed to reimburse Plaintiff for funds that have been collected for the payment of his filing fee in this case, if any, and to return any future payments.
3. The Clerk is respectfully instructed to mail a copy of this Order to the Alexander Correctional Institution so that withdrawals from Plaintiff's inmate account for this case can be terminated.
4. The Clerk is further instructed to add Plaintiff to the Court's Filer Status Report in CM-ECF as a three-striker, and to close this case.

**IT IS SO ORDERED.**

Signed: August 23, 2024

_____
Frank D. Whitney
United States District Judge